**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

GOSHEN ROAD ENVIRONMENTAL
ACTION TEAM, a community
organization; IRIS BROWN; HATTIE
BROWN,
Plaintiffs-Appellants,

v.

UNITED STATES DEPARTMENT OF
AGRICULTURE; UNITED STATES
DEPARTMENT OF AGRICULTURE,

No. 95-3102

Secretary; RURAL HOUSING AND
COMMUNITY DEVELOPMENT SERVICE;
RURAL HOUSING AND COMMUNITY
DEVELOPMENT SERVICE,
Administrator; NORTH CAROLINA
STATE DIRECTOR, Rural Housing and
Community Development Service;
TOWN OF POLLOCKSVILLE,
Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Greenville.
Malcolm J. Howard, District Judge.
(CA-95-36-4-H-1)

Argued: October 30, 1996

Decided: December 16, 1996

Before WILKINSON, Chief Judge, and WILKINS and LUTTIG,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Eleanette Maccene Brown, Land Loss Prevention Project, NCCU LAW SCHOOL, Durham, North Carolina, for Appellants. Barbara Dickerson Kocher, Assistant United States Attorney, Raleigh, North Carolina; Clare Lynn Brock, WOOTEN & BROCK, P.L.L.C., Trenton, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Plaintiffs, Goshen Road Environmental Action Team and two residents of the Goshen Road community, moved in the district court for a preliminary injunction closing the Town of Pollocksville's waste water and sewage treatment facility during the pendency of their suit for declaratory relief and permanent injunctive relief. Plaintiffs allege that the facility was constructed in the Goshen Road community because it is a predominantly black neighborhood, in violation of Title VI of the Civil Rights Act of 1964, and that the defendants violated the National Environmental Policy Act of 1969, 42 U.S.C. § 4332(2)(c). Plaintiffs argued, inter alia, that a preliminary injunction against further operation of the currently-operating facility is necessary because the lagoon and spray fields associated with the facility will blight the community and adversely affect the residents, and that the facility will adversely affect historical and cultural preservation interests. The defendants argued that they are on a timetable for repayment of loan monies for the facility and that a preliminary injunction would cause them to default on their loan and abandon the project. J.A. at 187-88.

2

The district court concluded that the alleged injury to the plaintiffs would not be irreparable, that an injunction would substantially harm the defendants and other interested parties, and that keeping the facility operational pending resolution of the case would not permanently damage the public interest. Accordingly, the district court denied the motion for preliminary injunction. J.A. at 189-90.

We have read the briefs, heard oral argument, and carefully considered the parties' contentions. For the reasons stated by the district court, we affirm.

AFFIRMED

3